IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHERYL DOUGHERTY, individually and on behalf
of all others similarly situated,

                      Dougherty,

v.

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
GEORGE M. EDWARDS, individually; CLARENCE    Civil Action No. 2:13-cv-8472
BURDETTE, individually; LUTHER COPE,    (Honorable Thomas E. Johnston)
individually; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation; and
the WEST VIRGINIA CONSOLIDATED PUBLIC
RETIREMENT BOARD, a West Virginia state
agency,

                      Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants the West Virginia Consolidated Public Retirement Board ("WVCPRB"), Ramona Cerra, Greg Garrett, George Edwards, Clarence Burdette, Luther Cope, and The Variable Annuity Life Insurance Company (the "VALIC Defendants"), (collectively, the "Defendants"), move to dismiss Dougherty's Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and would show:

*Preliminary Statement*

Plaintiff Cheryl Dougherty's recent submission to the state court discloses that—notwithstanding the claims in her live complaint—she is pursuing an action precluded by and subject to removal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). As a result, Dougherty's claims must be dismissed. In *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006), the Supreme Court made clear that "*If the action is precluded [by SLUSA],*

*neither the district court nor the state court may entertain it, and the proper course is to dismiss.*"

It is well-established that in ruling on a motion to dismiss, courts need not accept allegations in a complaint as truth when—as here—they are contradicted by judicially-noticeable facts. Only a few weeks ago, on April 10, Dougherty told the state court that she was suing Defendants based on alleged misrepresentations and deception in connection with the sales both of fixed annuities and of variable annuities, which are "covered securities" under SLUSA:

> In this case, all school employees who deposited their retirement money into either VALIC's fixed annuity product or variable annuity product, between 1992 and 2008, have the same [five] claims.
>
> . . .
>
> The common operative fact that serves as the basis for each school employee's claim is the deposit of their retirement money into the two products provided through the WVCPRB by VALIC. Each time an employee's money was deposited into one of those two retirement products, it was done based on incorrect, faulty and fraudulent statements or omissions.
>
> . . .
>
> [T]here is only one class of plaintiffs – teachers who purchased VALIC products between 1992 and 2008. *There are two VALIC products at issue, a fixed annuity and a variable annuity.*

*See* Defendants' Request for Judicial Notice ("RJN") Exhibit A (Dougherty's Memorandum in Response to Court's Questions Posed to Counsel at Status Conference ("Pl.'s Response to Court") at 2-3, 5 (emphasis added). Because Dougherty is pursuing state law class claims based on alleged misrepresentations and deceit made to induce the sale of federal securities, her action is precluded by SLUSA and must be dismissed.

{C2623151.1}  2

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Dougherty Amends Her Complaint To Assert Securities Fraud Claims**

On May 12, 2008, Dougherty originally filed this putative class action against the Defendants in the Circuit Court of Marshall County, West Virginia. On August 4, 2008, Dougherty filed an Amended Complaint asserting five state law claims on behalf of herself and other West Virginia public school teachers. Dougherty alleged the Defendants made misrepresentations and omissions of material fact and/or deceived the purported class beginning in 1992 by recommending that they transfer their retirement funds from the State teacher's defined benefit plan (the "Teachers Retirement System" or "TRS") to the VALIC fixed annuity option offered within the Teachers Defined Contribution Plan ("TDC"). Dougherty alleged that the putative class members were unaware of the Defendants' alleged deceit until 2008, when the State legislature passed a bill allowing teachers to transfer their retirement back to the TRS.

On March 26, 2009, Dougherty sought leave to file a Second Amended Complaint ("SAC"), which added numerous allegations and 27 additional claims relating to the allegedly reckless security activities of VALIC's parent company, American International Group ("AIG"). Accordingly, on April 24, 2009, Defendants timely removed this suit to federal court pursuant to SLUSA. See *Dougherty v. Cerra*, Civ. Action No. 2:09-CV-00443 (S.D.W. Va. Apr. 24, 2009), Docket No. 1. On May 20, 2009, this Court granted Dougherty's motion to amend and deemed the SAC filed as of that date. *Id.*, Docket No. 13.

    B. **Dougherty Amends Her Complaint To Delete Her Securities Claims And Defeat Federal Jurisdiction**

In May 2009, Dougherty announced to this Court, her plan to "delete the securities fraud claims against the defendants [in the SAC], and then to move to remand this case to State Court." See *id.*, Docket No. 21. On June 25, 2009, Dougherty simultaneously filed both the TAC and a

motion to remand, conceding that VALIC properly removed the case because the SAC was precluded by SLUSA, but arguing that subject-matter jurisdiction no longer existed under the operative pleading. *Id.*, Docket Nos. 25, 26 at 1.

On August 14, 2009, Defendants filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment in this Court seeking dismissal of Dougherty's TAC pursuant to SLUSA, the applicable statute of limitations, and on numerous other grounds. *See id.*, Docket No. 37.

This Court ultimately remanded the case, finding that the TAC was the operative pleading for remand purposes because Dougherty represented that she had "'substantive and meritorious reasons' for eliminating the [SLUSA] claims" and, thus, that the case did not "fall within the ambit of SLUSA, or, more particularly, its removal provision." *Id.*, Docket No. 90 at 11, 17.

### C. Dougherty Discloses After Remand That She Is Pursuing Securities Fraud Claims After All

Upon remand, the parties pursued discovery on the TAC. On August 8, 2011, Defendants filed a motion for summary judgment seeking judgment on Dougherty's claims, all of which are barred by the applicable statutes of limitations. The parties completed the briefing on summary judgment by January 2012. In July 2012, on the state court's request, the parties prepared separate proposed findings of fact and conclusions of law for Defendants' summary judgment motion.

No discovery was sought by either party between November 2011 and March 22, 2013, when Dougherty served discovery requests on WVCPRB, seeking admissions that WVCPRB did not provide VALIC authorization to sell variable annuity products to West Virginia teachers but was aware VALIC contemporaneously offered its fixed and variable annuity products to the proposed class.

On April 11, 2013, the parties submitted responses to questions posed by the state court regarding the impact its potential decision on summary judgment may have on the other members of the purported class. Dougherty's response made clear that her five state law claims are based on VALIC's sales of both fixed and variable annuity products to the proposed class. RJN Exhibit A (Pl.'s Response to Court) at 2-5. No order was issued on Defendants' summary judgment motion.

### D. Dougherty Now Asks this Federal District Court To Ignore What She Told The State Trial Court Just A Few Weeks Ago

Defendants timely filed the notice of removal on April 19, 2013. In her Motion to Remand, Dougherty represented to this Court that her causes of action did not change by the "mere mention of, and inquiry into" VALIC's sales of variable annuities to the purported class because she "expressly limited her class action to individuals who invested in Defendants' VALIC fixed annuity . . . ." Docket No. 15 at 1-2. Her unequivocal statements to the state court refute this assertion. Dougherty is simply seeking to avoid federal jurisdiction by telling this Court one thing and the state court another:

| Dougherty's Response to State Court | Dougherty's Motion to Remand |
|---|---|
| The lead Plaintiff and other school personnel are subject to the same fraud, bad acts or breaches of duties committed by the WVCPRB and VALIC. In this case, all school employees who deposited their retirement money into either VALIC's fixed annuity product or variable annuity product, between 1992 and 2008, have the same [five] claims. RJN Exhibit A at 2.<br><br>The common claims made by the two categories of teachers (fixed annuity investors or variable annuity investors) are identified as:<br><br>   1.   Common law fraud and misrepresentation by VALIC and | Plaintiff is not seeking causes of action for anything other than the fraudulent sale of the fixed annuity products and the breach of fiduciary duty thereunder, as well-pleaded in Plaintiff's TAC. Docket No. 15 at 6. |

| Dougherty's Response to State Court | Dougherty's Motion to Remand |
|---|---|
| the individual defendants;<br><br>2. Joint venture by VALIC and the individual defendants;<br><br>3. Civil conspiracy by VALIC and the individual defendants;<br><br>4. Unconscionability of contract with respect to VALIC and the individual defendants; and<br><br>5. Breach of fiduciary duty by Defendant WVCPRB.<br><br>*Id.* at 2-3. | |
| The common operative fact that serves as the basis for each school employee's claim is the deposit of their retirement money into the two products provided through the WVCPRB by VALIC. Each time an employee's money was deposited into one of those two retirement products, it was done based on incorrect, faulty and fraudulent statements or omissions. *Id.* at 3. | [T]he relationship between Defendants and the teachers involved the purchase of a non-security. *Id.* at 10. |
| The Court will not have to individually evaluate the facts related to each plaintiff purchase because the facts will be the same for each purchase of the VALIC products. *Id.* | Defendants cannot show that their relationship with Plaintiff and Class members had to involve trading in securities. *Id.* |
| VALIC, without prior WVCPRB approval, contacted school employees during workdays and sold them an unapproved risky and expensive product called a variable rate annuity. ... The defendants put the teachers into fixed annuities and variable annuities with no safety of principle or asset allocation information. *Id.* at 4. | Defendants sent their agents to schools throughout West Virginia in an attempt to sell their annuity to teachers, which is a non-security. ... [T]he misrepresentations did not target investors in securities, but prospective purchasers of Defendants' annuity. *Id.* at 10-11. |
| [T]here is only one class of plaintiffs – teachers who purchased VALIC products between 1992 and 2008. There are two VALIC products at issue, a fixed annuity and a variable annuity. The events which serve as the foundation for all teacher claims is each teacher['s] purchase of VALIC products approved by The State and VALIC products not approved by the State between 1992 and 2008. *Id.* at 5. | The putative Class consists of all individuals who transferred their retirement fund account from the TRS to the Defendants' VALIC fixed annuity in 1992 as a result of Defendants' misrepresentations. *Id.* at 3.<br><br>[T]he Class is expressly limited to those individuals who only invested in the VALIC fixed annuity at the time of Defendants' misrepresentations. *Id.* at 11-12. |

{C2623151.1}　　　　　　　　　　　　　　6

## II. DOUGHERTY'S CLAIMS ARE PRECLUDED BY SLUSA AND, THEREFORE, MUST BE DISMISSED

SLUSA was enacted to prevent exactly the type of vexatious litigation that Dougherty's suit represents. Prior to SLUSA's enactment, Congress passed the Private Securities Litigation Reform Act of 1995 (PSLRA) to create substantive and procedural hurdles to protect defendants from abusive and meritless securities fraud lawsuits. *See Kircher*, 547 U.S. at 636. After the reform, however, plaintiffs creatively avoided the PSLRA's restrictions by avoiding federal court venues entirely. *Id.* Congress, therefore, enacted SLUSA, to "block this bypass" of the PSLRA. *Id.* SLUSA sought to prevent the forum-shifting by making federal courts "the exclusive venue for most securities class action lawsuits." H.R. Rep. No. 105-640, at 10 (1998).[1] The express purpose of SLUSA, therefore, was to "prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court." *Id.* Indeed, Congress set out "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate" federal objectives and enacted "national standards for securities class action lawsuits involving nationally traded securities." Pub. L. No. 105-353, 112 Stat. 3227 (1998). Therefore, SLUSA precludes state law based, private class

---

[1] The "Findings" section of the SLUSA states:
  Section 2. FINDINGS. The Congress finds that
    (1) the Private Securities Litigation Reform Act of 1995 sought to prevent abuses in private securities fraud lawsuits;
    (2) since enactment of that legislation, considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;
    (3) this shift has prevented that Act from fully achieving its objectives;
    (4) State securities regulation is of continuing importance, together with Federal regulation of securities, to protect investors and promote strong financial markets; and
    (5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.
Pub. L. No. 105-353, 112 Stat. 3227 (1998).

actions alleging fraud or manipulation touching on the purchase or sale of securities from being maintained in any state or federal court.

### A. The Court Can And Should Consider Dougherty's State Court Submission In Ruling On The Motion To Dismiss

A Rule 12(b)(6) motion operates to test the sufficiency of a complaint. When considering a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). "Nor must [it] 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Id.* (citation omitted).[2] A plaintiff's state court pleadings are subject to judicial notice under Federal Rule of Evidence 201. *See, e.g., Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."); *Field Auto City, Inc. v. Gen. Motors Corp.*, 476 F. Supp. 2d 545, 547 (E.D. Va. 2007) aff'd, 254 F. Appx. 167 (4th Cir. 2007) ("contents of the state-court pleadings in [a] matter . . . are properly subject to judicial notice" and may be considered on motion to dismiss). Where, as here, a plaintiff asserts state law claims that fall under the ambit of SLUSA, the claims are preempted and must be dismissed. *Kircher*, 547 U.S. at 644.

### B. Dougherty's Claims Are Precluded By SLUSA

SLUSA provides that "covered class actions" based on state law claims alleging misrepresentations or omissions of a material fact or deception in connection with the purchase or sale of a "covered security . . . may [not] be maintained in any State or Federal court." 15

---

[2] *See also* RJN at 1-2.

{C2623151.1} 8

U.S.C. § 77p(b), (c).[3] To demonstrate that an action is precluded by and thus subject to dismissal under SLUSA, a party must show the suit is (i) a "covered class action," (ii) based on state law claims, (iii) alleging misrepresentation or omission of a material fact or deception, (iv) "in connection with the purchase or sale of a covered security." *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1092 (11th Cir. 2002). Each of these requirements is easily satisfied here.

        1.     <u>This suit is a "covered class action" based solely on state law claims alleging misrepresentation or omission of a material fact or deception.</u>

SLUSA defines "covered class action" to include "any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. §§ 77p(f)(2)(A)(i)(II). When a plaintiff sues in a representative capacity, the suit qualifies as a covered class action. *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 109 (2d Cir. 2001); *Behlen*, 311 F.3d at 1093.

Together, Dougherty's TAC and her recent submission to the state court confirm that she alleges five "common" state misrepresentation and deceit-based claims on behalf of a purported class of West Virginia teachers who purchased fixed annuities and variable annuities from VALIC between 1992 and 2008. Each of Dougherty's five state law claims is based on allegations of misrepresentations, omissions, or deceit. *See* TAC ¶ 42 (alleging "systematic pattern and practice of misrepresenting and/or omitting material facts" in support of misrepresentation claim), ¶ 46 (alleging Defendants "engaged in the single business enterprise . .

---

[3] SLUSA amended the Securities Act of 1933 and the Securities & Exchange Act of 1934 with essentially identical language. *See* 15 U.S.C. § 77p; 15 U.S.C. § 78bb. All references to § 77p herein incorporate references to § 78bb's identical language.

. by the use of misrepresentation, omission and deceit" in support of joint venture cause of action), ¶ 50 ("Defendants' actions and omissions . . . constistute civil conspiracy"), ¶ 53 (alleging class was "fraudulently induced" which "renders the Annuity contracts . . . unconscionable"); ¶¶ 17, 60 (alleging that WVCPRB breached fiduciary duties to class by failing to "monitor and evaluate the products, sales tactics, and unconscionable contracts"). And each of her five claims is asserted on behalf of "one class" based on one "common operative fact" involving the "same fraud." RJN Exhibit A (Pl.'s Response to Court) at 2-3 (listing pleaded causes of action and confirming that "lead Dougherty and other school personnel are subject to the same fraud, bad acts or breaches of duties . . . all school employees who deposited their retirement money into either VALIC's fixed annuity product or variable annuity product . . . have the same claims"), 3 (alleging that her claims are based on one "common operative fact" and that "[t]he Court will not have to individually evaluate the facts related to each plaintiff purchase because the facts will be the same for each purchase of the VALIC products"), 5 (confirming that "there is only one class of plaintiffs" and "two VALIC products at issue, a fixed annuity and a variable annuity"). Accordingly, Dougherty does not and cannot dispute that this action is a "covered class action" asserting state law misrepresentation and deceit-based claims.

    2. <u>Dougherty plainly alleges misrepresentations, omissions, and deception "in connection with the purchase or sale of covered securities."</u>

All of SLUSA's remaining requirements are also satisfied. Dougherty unequivocally represented to the state court that this action involves *"only one class of plaintiffs"* comprised of teachers who purchased the *"two products at issue, a fixed annuity and a variable rate annuity"* and that *"[e]ach time an employee's money was deposited into one of those two retirement products, it was done based on incorrect, faulty and fraudulent statements or omissions."* RJN

Exhibit A (Pl.'s Response to Court) at 3 (emphasis added), 5 ("The events which serve as the foundation for all teacher claims is each teacher['s] purchase of VALIC products. . . .").

Dougherty's voluntary statements confirm that her claims satisfy SLUSA's "misrepresentation," "in connection with," and "covered securities" requirements. *U.S. SEC v. Pirate Investor LLC*, 580 F.3d 233, 244-45 (2009) (establishing four non-exclusive factors for "in connection with" requirement, including whether "defendant intended to induce a securities transaction"); *Lander*, 251 F.3d at 109-110 (holding that variable annuities are "covered securities"); *SEC v. Variable Annuity Life Ins. Co.*, 359 U.S. 65, 79-80 (1959). In effect, Dougherty alleges Defendants' misrepresentations and deceitful conduct *directly induced* members of the purported class to purchase covered securities from VALIC—putting her claims squarely in the ambit of SLUSA.

### C. This Action Must Be Dismissed

SLUSA provides that if an action is precluded "it may [not] be maintained in any State or Federal court." 15 U.S.C. § 77p(b). Therefore, SLUSA "avails a defendant of a federal forum in contemplation not of further litigation over the merits of a claim brought in state court, but of termination of the proceedings altogether." *Kircher*, 547 U.S. at 644 n.12; *Brown v. Calamos*, 664 F.3d 123, 128 (7th Cir. 2011) ("Once [the district court] decides that SLUSA either is or is not a bar to the suit, the court has finished; either way it has no further business with the case."). Consequently, if an action is precluded by SLUSA "neither the district court nor the state court may entertain it, and the proper course is to dismiss." *Id.* at 644; *Lander*, 251 F.3d at 109 (affirming dismissal of fraud-based claims based on sales of variable annuities); *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 305 (3d Cir. 2005) (affirming dismissal of all claims pursuant to SLUSA); *Brown*, 664 F.3d at 131 (same); *Behlen*, 311 F.3d at 1095 n.6 (because plaintiff's claims fell within the scope of the SLUSA, "the district court had no choice but to

dismiss the class-wide claims" and properly did so *with prejudice* because plaintiff "could not recover on *any* state law claim" alleging such facts, given SLUSA).

Because Dougherty's claims are precluded by SLUSA, they must be dismissed.

## III. CONCLUSION

Defendants' Motion to Dismiss should be granted.

Dated: June 6, 2013                                Respectfully Submitted,


/s/ Daniel McNeel Lane, Jr.
Daniel McNeel Lane, Jr. (*admitted pro hac vice*)
Ashley B. Vinson (*admitted pro hac vice*)
Danielle Crockett (*admitted pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000

Thomas J. Hurney, Jr., Esquire (WV Bar ID# 1833)
Michael M. Fisher, Esquire (WV Bar ID# 4353)
Erin R. Stankewicz (WV State Bar # 10242)
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

**ATTORNEYS FOR DEFENDANTS RAMONA CERRA, GREG GARRETT, GEORGE EDWARDS, CLARENCE BURDETTE, ROLAND RICH, LUTHER COPE, AND THE VARIABLE ANNUITY LIFE INSURANCE COMPANY**

**AGREED TO BY:**


/s/ Molly K. Underwood
Gary E. Pullin (WV State Bar # 4528)
Molly K. Underwood (WV State Bar # 6172)
PULLIN FOWLER FLANAGAN BROWN & POE, PLLC
901 Quarrier Street
Charleston, West Virginia 25301

(304) 344-1000
**COUNSEL FOR THE WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT BOARD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all parties listed on this certificate of service will receive a copy of the foregoing document filed electronically with the United States District Court for the Southern District of West Virginia, on this 17th day of June, 2013, with notice of case activity to be generated and ECF notice to be sent electronically by the Clerk of the Court. A copy will be mailed Via Certified Mail to those who do not receive ECF notice from the Clerk of the Court:

Harry F. Bell, Jr.
William Bands
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Charles Webb
The Webb Law Firm
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

Gary Pullin
Molly K. Underwood
Pullin Fowler Flanagan PLLC
901 Quarrier Street
Charleston, WV 25301

/s/ Erin R. Stankewicz
ERIN R. STANKEWICZ